## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CANDY VAUGHN, as administratrix of the )
ESTATE OF JAMES VAUGHN, CANDY )
VAUGHN as wife of James Vaughn, and CANDY )
VAUGHN in her own right, )
      Plaintiffs, )
      v. )    C.A. No. N13C-07-132 ALR
 )
JEFFREY I. JACKERSON, D.O. and MILFORD )
MEMORIAL HOSPITAL and ADAM S. )
BROWNSTEIN, M.D. and MILFORD )
MEDICAL ASSOCIATES, PA and RONALD )
M. LIEBERMAN, D.O. and DELAWARE )
SPINE INSTITUTE and KENT DIANOSTIC )
RADIOLOGY ASSOCIATES, PA, )
      Defendants. )

### Upon Defendants' Petition for
### Leave to Appeal from Interlocutory Order — *DENIED*

*Submitted: January 9, 2015*
*Decided: January 14, 2015*

### Upon Defendants' Motion for Extension of Time to File an
### Application for Certification of Interlocutory Appeal — *DENIED AS MOOT*

*Submitted: January 9, 2015*
*Decided: January 14, 2015*

Defendants have made application pursuant to Rule 42 of the Rules of the

Supreme Court of the State of Delaware for an order certifying an appeal from the

interlocutory order of this Court dated November 24, 2014 ("November 24

Order").

Plaintiffs filed this medical negligence action on July 11, 2013 alleging

medical negligence of all Defendants with respect to the medical treatment of

James Vaughn. On September 10, 2013, Defendants filed dispositive motions seeking summary judgment on the grounds that the statue of limitations for a medical negligence action had expired before suit was filed. On December 18, 2013, the Court denied Defendants' motion for summary judgment, without prejudice, to allow for discovery.[1]

In September 2014, after Plaintiff Candy Vaughn was deposed, Defendants again filed a motion for summary judgment on the grounds that suit had been filed after the statute of limitations had expired. The Court heard oral argument on November 19, 2014 and issued the November 24 Order denying Defendants' motion.

On December 10, 2014, Defendants filed the pending application for certification of interlocutory appeal to the Delaware Supreme Court. The Court requested Plaintiffs' response no later than January 5, 2015. Then, on December 17, 2014, Defendants filed the pending motion for an extension of time to file its application for certification of interlocutory appeal and to deem the tardy December 10 application as timely filed. The Court requested Plaintiffs' response to both motions no later than January 12, 2015. Plaintiffs filed its response on January 9, 2015, opposing Defendants' motions.

Upon consideration of the pending motions, the Court finds as follows:

---

[1] *Vaughn v. Jackerson*, No. N13C-07-132 (Del. Super. Dec. 18, 2013).

(1) Supreme Court Rule 42 governs interlocutory appeals. Subsection (c) outlines the procedural process to certify an interlocutory appeal. Specifically, pursuant to Rule 42(c)(i), applications for certification of interlocutory appeal must be filed with the trial court "within 10 days of the entry of the order from which appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."

Defendants' application for certification does not satisfy the time provisions mandated by Rule 42(c)(i). Defendants seek to appeal the November 24 Order. Accordingly, Defendants' application for certification was due, absent good cause, on December 4, 2014. Defendants filed the pending application for certification on December 10, 2014.

Seven days later, on December 17, 2014, Defendants filed the pending motion for an extension of time to file its application for certification of interlocutory appeal and to deem its tardy December 10 application as timely filed. Defendants explain use of the wrong court rules to calculate the filing deadline but maintain that the delay is minimal and does not prejudice Plaintiffs given the Court-issued deadline to respond. Plaintiffs oppose Defendants' motion for an

extension of time.[2] Defendants have not demonstrated good cause for the delay in filing.

(2) Notwithstanding the issues of timeliness of the appeal, the Court will not certify an interlocutory appeal unless the underlying decision determines a substantial issue, establishes a legal right, and meets one or more of the criteria set forth in Rule 42(b)(i)-(v).[3]

Defendants request certification pursuant to Rule 42(b)(i), (iii), and (v). Defendants argue that the November 24 Order presents an unsettled question of law on the statutory interpretation of 18 *Del. C.* § 6856(1). Alternatively, Defendants present the contrary argument that the November 24 Order conflicts with the established interpretation of 18 *Del. C.* § 6856(1). Defendants also argue that the November 24 Order may terminate the litigation.

The November 24 Order does not address an unsettled question of law. Rather, the November 24 Order specifically reviews the applicable statute, 18 *Del. C.* § 6856 and decisional law. Unlike the Delaware Supreme Court case *Dambro v. Meyer*,[4] relied upon by Defendants, this is not a case of first impression.[5] Moreover, the November 24 Order does not conflict with existing law. Rather,

---

[2] Plaintiffs also point out the ironic nature of the motion considering Defendants' underlying motion for summary judgment on statute of limitations grounds.
[3] Supr. Ct. R. 42(b).
[4] 974 A.2d 121 (Del. 2009).
[5] *Dambro*, 974 A.2d at 127-28.

4

Defendants argue for an interpretation of 18 *Del. C.* § 6856(1) that requires the Court to ignore statutory terms. Specifically, Defendants suggested interpretation provides:

> By omitting the term "medical negligence" in the subpart that contains the three year exception [18 *Del. C.* § 6856(1)], the clear language establishes the standard for obtaining an additional year [for the statute of limitations] does not hinge on [P]laintiff's discovery of the *medical negligence*, but rather the *personal injury*.[6]

Indeed, to interpret 18 *Del. C.* § 6856(1) as Defendants' request would result in a conflict of existing law.[7] As stated in *Dambro*, in the context of medical negligence claims, the injury occurs on the date of the negligent act and 18 *Del. C.* § 6856(1) provides a three-year statute of limitations when the medically negligent injury is unknown to the injured person within the two-year statute of limitations under 18 *Del. C.* § 6856.[8] The Court found that the alleged negligent act occurred on September 29, 2010 and there is a question of fact regarding when Plaintiffs knew of the negligence. Plaintiffs claim January 2013 and Defendants dispute this as a matter of fact.

Further, while all motions for summary judgment are dispositive to some degree, a denial of motion for summary judgment on statute of limitations does not

---

[6] Defs'. Appl. for Certification of Interlocutory Appeal at 5, ¶ 9.
[7] *See Dambro*, 974 A.2d at 126, 131-32, 139.
[8] *Id.* at 132.

give rise to a legal right to interlocutory appeal.[9] However, the Delaware Supreme Court has granted interlocutory appeal to review trial court decisions on statute of limitations issues.[10]

In *Cochran v. Stifel Financial Corporation*,[11] then-Chancellor Strine reconciled the case law by recognizing that a denial of a dispositive motion on statute of limitations grounds does determine "a substantial issue and establish a legal right but that those factors alone do not justify interlocutory review under Rule 42(b)."[12] However, then-Chancellor Strine determined that interlocutory review of a denial of a dispositive motion on statute of limitations grounds "really turns on whether the limitations issue at stake otherwise warrants review under the factors set forth in Supreme Court Rule 42(b)(i)-(v)," and specifically, "whether the trial court's decision turned on an unsettled question of law."[13] As stated above, the November 24 Order did not address an unsettled question of law.

Defendants have failed to demonstrate that any Rule 41(b) criteria require that the Court exercise its discretion to certify an interlocutory appeal. There is no

---

[9] *Levinson v. Colon*, 384 A.2d 717, 720 (Del. 1978).

[10] *See e.g.*, *Dambro*, 974 A.2d at 128 (explaining that the [Delaware Supreme Court] granted interlocutory appeal on statute of limitations grounds "[b]ecause the issue . . . was one of first impression in Delaware, [and] the Superior Court decided the issue with the expectation that the matter would be reviewed by the [Delaware Supreme Court] *de novo* as a question of law.").

[11] 2000 WL 376269 (Del. Ch. Apr. 6, 2000).

[12] *Id.* at *7.

[13] *Id.*

reason why this issue should not be subject to appellate review at the conclusion of litigation, rather than on an interlocutory basis.

**NOW, THEREFORE, on this 14th day of January 2015, Defendants' Application for Certification of Interlocutory Appeal is hereby DENIED and Defendants' Motion for an Extension of Time to File an Application for Certification of Interlocutory Appeal is hereby DENIED AS MOOT.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**